**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TEXAS ALLIANCE OF ENERGY PRODUCERS WORKERS COMPENSATION SELF-INSURED GROUP TRUST | CIVIL ACTION 10-1216 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER-SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 11) filed by Defendants, Louisiana State University Health Sciences Center–Shreveport ("LSUHSC-S"), Dr. Donald Patrick, Dr. Jason Clint Tippett, Dr. Asser M. Youssef, and Dr. Mallory Williams. The Motion to Dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants argue that this Court lacks subject matter jurisdiction because the Plaintiffs have failed to submit the claim for review by a state medical review panel pursuant to LA. REV. STAT. ANN. § 40:1299.39.1. Further Defendants argue that the individual Defendants and the LSUHSC-C have not been properly served pursuant to Fed. R. Civ. P. 4.[1] Finally, Defendants argue Plaintiff fails to state a claim upon which relief can be granted because Plaintiff has no cause of action under the Malpractice Liability for State Services Act ("MLSSA") and the cause of action is prescribed. Plaintiff opposes the Motion to Dismiss. See Record Document 13. For the

---

[1] From a review of the Docket Sheet it appears as of the time of writing this Memorandum Ruling, Plaintiff has cured the service of process defects. See Record Documents 16-20. Accordingly, this ground for relief is now **MOOT**.

reasons which follow, the Motion to Dismiss is **STAYED** pursuant to Rule 12(b)(1) and the Motion to Dismiss pursuant to 12(b)(6) is **DENIED**.

**I.    BACKGROUND.**

Texas Alliance of Energy Producers Workers' Compensation Self-Insured Group Trust ("TAEP") is a workers' compensation insurer in the State of Texas. [Record Document 1 at ¶9]. TAEP brings this action pursuant to its subrogation rights under Texas Labor Code Section 417, *et seq* and LA. REV. STAT. ANN. § 23:1021, *et seq*. [Record Document 1 at ¶9]. Plaintiff alleges that on or about June 12, 2008, C&S Well Service employee Robert Shocken ("Shocken") was involved in an 18-wheeler rollover accident and sustained substantial personal injuries. [Record Document 1 at ¶10]. Shocken was treated for his personal injuries by Defendants at LSUHSC-S and was discharged on or about August 3, 2008. [Record Document 1 at ¶10]. Plaintiff contends that after discharge from LSUHSC-S and while staying with his brother in Marshall, Texas, Shocken's bed sore worsened. [Record Document 1 at ¶12]. On or about August 5, 2008, Shocken was allegedly admitted to and treated for a bed sore at Good Samaritan Hospital in Marshall, Texas. [Record Document 1 at ¶12]. Shocken was required to undergo additional medical care, including repeat surgeries and therapy, to treat the bed sore. [Record Document 1 at ¶12]. Plaintiff contends that it incurred significant, additional medical expenses on behalf of Shocken related to the inadequate treatment and diagnosis by Defendants of the bed sore. [Record Document 1 at ¶12]. Plaintiff contends that Shocken realized in or about August 2009 that during his stay at LSUHSC-S, he developed a significant enlarged sacral area ulcer (bed sore) that was not properly diagnosed and treated by Defendants. [Record

Document 1 at ¶11].

Subsequently on July 30, 2010, Plaintiff brought this subrogation action against LSUHSC-S and Shocken's physicians claiming medical malpractice under the MLSSA found at LA. REV. STAT. ANN. § 40.1299.39, *et seq.* See Record Document 1.

## II.     LAW AND ANALYSIS.

### A.     Rule 12(b)(1) Standard.

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. See F.R.C.P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See id. Thus, in this matter, Plaintiff bears the burden of proof that jurisdiction does in fact exist. See id., citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.1980).

Again, "[i]n examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." Ramming, 281 F.3d at 161, citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981). In the end, the motion should be granted only if it seems certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. Ramming, 281 F.3d at 161, citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).

**B. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); see also, Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

**C. Diversity Jurisdiction**

In diversity cases such as these, federal courts must apply the substantive law of the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Ashland Chem. Inc. v. Barco Inc., 123 F.3d 261, 265 (5th Cir.1997). In this case, the parties acknowledge that Louisiana's substantive law controls. According to the Fifth Circuit:

> [t]o determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court. See id. In the absence of a final decision by the Louisiana Supreme Court, we must make an Erie guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case. See id. In making an Erie guess, we must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes [in this case the Louisiana Mineral Code], and statutes. Id. (quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp., 328 F.3d 192, 197 (5th Cir.2003)); Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co., 179 F.3d 169 (5th Cir.1999). "Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana." Prytania Park Hotel, 179 F.3d at 169 (footnote omitted); see also Am. Int'l Specialty Lines Ins. Co., 352 F.3d at 261 (quoting Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co., 953 F.2d 985, 988 (5th Cir.1992)). Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them. Am. Int'l Specialty Lines Ins. Co., 352 F.3d at 261.

In re Katrina Canal Breaches Litigation, 495 F.3d 191, 296 (5th Cir. 2007).

### D. Lack of Subject Matter Jurisdiction

Defendants allege "Plaintiff's claim is premature and this Court consequently lacks subject matter jurisdiction over it." [Record Document 11-1 at 9]. Specifically, Defendants contend that "plaintiff has not filed a request for review of the claim by a medical review panel under the MLSSA, and the complaint is therefore premature." [Record Document 11-1 at 10]. According to LA. REV. STAT. ANN. § 40:1299.39.1(B)(1)(a)(i), "No action against the state, its agencies, or a person covered by this Part, or his insurer, may be commenced in any court before the claimant's complaint has been presented to a state medical review panel established pursuant to this Section."

Federal courts are courts of limited jurisdiction and that jurisdiction must be guarded

jealously. In determining this Court's jurisdiction, this Court is not limited to the contents of the Complaint. In Defendant's opposition to this Motion to Dismiss, they have provided this Court with a letter from the State of Louisiana, Division of Administration referencing their request for a medical review panel. See Record Document 13-1 at 3. This letter makes it clear that Mr. Shocken has already requested a medical review panel and TAEP cannot convene a medical review panel for its subrogation claim. Id. However, this letter does not indicate if the medical review panel initiated by Shocken has concluded its review. Therefore, at this time, this Court is unsure of its jurisdiction to proceed. This matter is hereby **STAYED** until the Plaintiff can present this Court with documentary evidence that the medical review panel initiated by Shocken to review the facts alleged in its Complaint has concluded its review.

### D. No Cause of Action

According to the Defendants, "[t]he plaintiff, a foreign workers' compensation insurer, has no cause of action for medical malpractice against LSUHSC-S or the individual doctors under the substantive law of Louisiana." [Record Document 11-1 at 6]. Specifically, Defendants contend that "LMSSA provides no right for this foreign corporation to recover against the State of Louisiana for losses incurred due to medical malpractice under the circumstances alleged in the complaint and the plaintiff has no cause of action against any defendant named in the complaint." Id. at 8.

Under the MLSSA, only the patient or a representative can bring a direct action for medical malpractice. Pursuant to LA. REV. STAT. ANN. § 40:1299.39(A)(5):

> "Representative" means a person who is a parent, tutor, curator, spouse, trustee, attorney, or other legal agent of the

>patient and who is authorized, by and on behalf of the patient, to exercise any of the patient's rights, privileges, or immunities granted by this Section or to fulfill any of the patient's obligations, duties, or forbearances imposed under this Section, because the patient has executed a written authorization and mandate to that effect or because the law operates to that effect due to the status of that patient and his relationship to such person, as when the patient is a minor child and his parent must act for him. After the death of the patient, "representative" shall also mean and include the executor of a patient's will, the administrator of his estate, the surviving spouse of the patient, the patient's children, or, if they are minors, their legal representatives, any of the patient's heirs, successors, legatees, or assigns, and/or any other person who may have any interest in any recovery arising out of the death of the patient or in the bringing of any action or the making of any demands or claims with regard to such patient.

LA. REV. STAT. ANN. § 40:1299.39(A)(5). Under the facts laid out in the Complaint, it appears that the only way TAEP could qualify as the representative of Shocken would be for Shocken to have died. There is no evidence that Shocken has died.

However, Plaintiff argues:

>Defendants unfortunately misinterpret the nature of the cause of action pending against them. In this case, claimant, Robert Shocken, was paid indemnity and medical benefits through its employers' workers' compensation carrier, Texas Alliance. Due to the negligence of the named defendants, the treatment required by Mr. Shocken far exceeded the reasonable standard, requiring addition monies, treatment, and care to be provided on Mr. Shocken's behalf by Texas Alliance. These benefits, paid on Mr. Shocken's behalf, pursuant to the Louisiana Workers' Compensation Act, give rise to a subrogation claim against named defendants.

[Record Document 13 at 6]. According to Louisiana's Worker's Compensation Act at LA. REV. STAT. ANN. § 23:1101:

>B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any

> amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the district court if agreed to by the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23:1102(A).
>
> C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.

LA. REV. STAT. ANN. § 23:1101(B),(C).

This Court has reviewed the Complaint. Plaintiff made it clear that its claim is brought "pursuant to its subrogation rights under Texas Labor Code Section 417 *et seq.* and LA. REV. STAT. ANN. § 23:1021 *et seq.*" [Record Document 1 at 3]. Therefore, Plaintiff's claim is properly before this Court as a subrogation action to recover for expenses paid for alleged medical malpractice.

**E. Prescription**

In this instance Defendants argue that the Plaintiff's subrogated claim for medical malpractice is prescribed and should be dismissed pursuant to 12(b)(6) for failure to state a claim upon which relief can be given. See Record Document 11-1.

Pursuant to Louisiana law, "[p]rescription runs against all persons unless an exception is established by legislation." Lebreton v. Rabito, 714 So.2d 1226, 1228 (La.1998) (citing LA. CIV.CODE art. 3467). Generally, the party pleading prescription bears

the burden of proving that a lawsuit has prescribed. Wilkes v. Carroll, 704 So.2d 938, 939 (La.App. 2 Cir.1997). However, "[i]n those instances ... when the plaintiff's petition shows on its face that the prescriptive period has expired, the burden shifts to the plaintiff to demonstrate suspension or interruption of the prescriptive period." Coleman v. Acromed Corp., 764 So.2d 81, 83 (La.App. 1 Cir.1999) (citing Lima v. Schmidt, 595 So.2d 624 (La.1992)); see also Lebreton, 714 So.2d at 1229 (citing Wimberly v. Gatch, 635 So.2d 206 (La.1994)).

The prescriptive period for medical malpractice claims is set forth in LA. REV. STAT. ANN. § 9:5628(A), which provides:

> No action for damages for injury or death against any physician ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

A straightforward reading of LA. REV. STAT. ANN. § 9:5628(A) clearly shows that it sets forth two prescriptive periods within which to bring a medical malpractice action, namely, one year from the date of the alleged act, omission, or neglect, or one year from the date of discovery with a three year limitation from the date of the alleged act, omission, or neglect to bring such claims. Campo v. Correa, 828 So.2d 502, 509 (La. 2002).

In this case, the alleged act of medical malpractice occurred between June 12, 2008 through August 3, 2008. See Record Document 1 at ¶10. TAEP did not file this original

complaint until July 30, 2010. See Record Document 1. This filing occurred more than one year after the date of the alleged act. Thus, the sole issue is whether or not TAEP brought its action for malpractice within one year from the date Shocken discovered the alleged act, omission or neglect. TAEP states in its Complaint that "Shocken realized in or about August 2009 that during his stay at LSU, he developed a significant enlarged sacral area ulcer (bed sore) that was not properly diagnosed and treated by Defendants . . . ." [Record Document 1 at ¶11].

The discovery exception found in LA. REV. STAT. ANN. § 9:5628(A) is a codification of the discovery doctrine of *contra non valentem.* In Re Medical Review Panel for Claim of Moses, 788 So.2d 1173, 1178 (La. 2001). Under the discovery doctrine, prescription does not begin to accrue until the plaintiff should have discovered he had a reasonable basis for pursuing a claim against the defendant. Moses, 788 So.2d at 1178 n. 10. Likewise, the prescriptive period for a medical malpractice claim begins to run even if the injured party does not have actual knowledge of the facts that would entitle him to bring a suit, as long as there is constructive knowledge of same. Campo, 828 So.2d at 510. Constructive knowledge is notice sufficient enough to excite attention and put the injured party on guard and call for inquiry. Campo, 828 So.2d at 510-511. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start the running of prescription. Nevertheless, a plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of medical malpractice. Campo, 828 So.2d at 511. Even

if a medical malpractice victim is aware that an undesirable condition has developed after the medical treatment, prescription will not run as long as it was reasonable for the plaintiff not to recognize that the condition might be treatment related. <u>Campo</u>, 828 So.2d at 511. The ultimate issue is the reasonableness of the patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct. <u>Campo</u>, 828 So.2d at 511. Whether a plaintiff had constructive knowledge of the existence of a medical malpractice cause of action must be decided based on the particular facts of the case. <u>Stansbury v. Accardo</u>, (La.App. 1st Cir. 10/29/04), 896 So.2d 1066, 1070, (La.App. 1st Cir. 2004) writ denied, 893 So.2d. 881 (La. 2005).

      As Louisiana jurisprudence dictates, the issue is one of reasonableness. Determining the reasonableness of Shoeken's actions in discovering the bed sore and its relation to his treatment at LSUHSC-S would take this Court beyond the confines of a determination under 12(b)(6). The Complaint sufficiently alleges enough facts to support the allegations that this case was filed within one year of discovery of the possible medical malpractice. Therefore, Defendant's Motion to Dismiss alleging that this action is prescribed must be **DENIED**.

**III.     CONCLUSION.**

Based on the foregoing, the Court finds that the Rule 12(b)(1) Motion to Dismiss is, therefore, **DENIED**, but this matter is **STAYED** until the Plaintiff presents this Court with documentary evidence that the medical review panel has finished its review; and the Rule 12(b)(6) Motion to Dismiss is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of March, 2011.

*/s/ S. Maurice Hicks, Jr./*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE