UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TEXAS ALLIANCE OF ENERGY PRODUCERS WORKERS COMPENSATION SELF-INSURED GROUP TRUST | CIVIL ACTION 10-1216 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER-SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Second Motion to Dismiss (Record Document 27) filed by Defendants, Louisiana State University Health Sciences Center–Shreveport ("LSUHSC-S"), Dr. Donald Patrick, Dr. Jason Clint Tippett, Dr. Asser M. Youssef, and Dr. Mallory Williams. The Second Motion to Dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants argue that this Court lacks subject matter jurisdiction because the parties lack diversity jurisdiction and, if LSUHSC-S is dismissed, the requisite amount in controversy is not satisfied. Further, Defendants argue Plaintiff fails to state a claim upon which relief can be granted because Plaintiff has no cause of action under the Malpractice Liability for State Services Act ("MLSSA"). Plaintiff opposes the Motion to Dismiss and requests a transfer to the proper state court, pursuant to 28 U.S.C.A. § 1631. See Record Document 29. For the reasons which follow, the Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(1).

**I.     BACKGROUND.**

Texas Alliance of Energy Producers Workers' Compensation Self-Insured Group

Trust ("TAEP") is a workers' compensation insurer in the State of Texas. [Record Document 1 at ¶9]. TAEP brings this action pursuant to its subrogation rights under Texas Labor Code Section 417, *et seq.* and LA. REV. STAT. ANN. § 23:1021, *et seq.* [Record Document 1 at ¶9]. Plaintiff alleges that on or about June 12, 2008, C&S Well Service employee Robert Shocken ("Shocken") was involved in an 18-wheeler rollover accident and sustained substantial personal injuries. [Record Document 1 at ¶10]. Shocken was treated for his personal injuries by Defendants at LSUHSC-S and was discharged on or about August 3, 2008. [Record Document 1 at ¶10]. Plaintiff contends that after discharge from LSUHSC-S and while staying with his brother in Marshall, Texas, Shocken's bed sore worsened. [Record Document 1 at ¶12]. On or about August 5, 2008, Shocken was allegedly admitted to and treated for a bed sore at Good Samaritan Hospital in Marshall, Texas. [Record Document 1 at ¶12]. Shocken was required to undergo additional medical care, including repeat surgeries and therapy, to treat the bed sore. [Record Document 1 at ¶12]. Plaintiff contends that it incurred significant, additional medical expenses on behalf of Shocken related to the inadequate treatment and diagnosis by Defendants of the bed sore. [Record Document 1 at ¶12]. Plaintiff contends that Shocken realized on or about August 2009 that during his stay at LSUHSC-S, he developed a significant enlarged sacral area ulcer (bed sore) that was not properly diagnosed and treated by Defendants. [Record Document 1 at ¶11].

Subsequently on July 30, 2010, Plaintiff brought this subrogation action against LSUHSC-S and Shocken's physicians claiming medical malpractice under the MLSSA found at LA. REV. STAT. ANN. § 40.1299.39, *et seq*. See Record Document 1. Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter

jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. [Record Document 11 at 1]. On March 18, 2011, the Court denied the Rule 12(b)(1) Motion to Dismiss, denied the Rule 12(b)(6) Motion to Dismiss, and stayed the matter until the Plaintiff presented the Court with documentary evidence that the medical review panel finished its review. [Record Document 21 at 12; Record Document 22 at 1].

## II.  LAW AND ANALYSIS.

### A.  Rule 12(b)(1) Standard.[1]

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. See F.R.C.P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See id. Thus, in this matter, Plaintiff bears the burden of proof that jurisdiction does in fact exist. See id., citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.1980).

Again, "[i]n examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." Ramming, 281 F.3d at 161, citing

---

[1]As the instant motion was decided pursuant to Rule 12(b)(1), the Court need not set forth the applicable Rule 12(b)(6) standard. See Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir.1977) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981). In the end, the motion should be granted only if it seems certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. Ramming, 281 F.3d at 161, citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).

### B. Diversity Jurisdiction.

In diversity cases such as these, federal courts must apply the substantive law of the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Ashland Chem. Inc. v. Barco Inc., 123 F.3d 261, 265 (5th Cir.1997). In this case, the parties acknowledge that Louisiana's substantive law controls. According to the Fifth Circuit:

> [t]o determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court. See id. In the absence of a final decision by the Louisiana Supreme Court, we must make an Erie guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case. See id. In making an Erie guess, we must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes [in this case the Louisiana Mineral Code], and statutes. Id. (quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp., 328 F.3d 192, 197 (5th Cir.2003)); Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co., 179 F.3d 169 (5th Cir.1999). "Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana." Prytania Park Hotel, 179 F.3d at 169 (footnote omitted); see also Am. Int'l Specialty Lines Ins. Co., 352 F.3d at 261 (quoting Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co., 953 F.2d 985, 988 (5th Cir.1992)). Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them. Am. Int'l Specialty Lines Ins. Co., 352 F.3d at 261.

In re Katrina Canal Breaches Litigation, 495 F.3d 191, 296 (5th Cir. 2007).

### C. Lack of Subject Matter Jurisdiction.

Defendants allege "[t]his Court lacks diversity jurisdiction over this case." First, "Louisiana State University Health Sciences Center-Shreveport is not a citizen for purposes of diversity jurisdiction, but rather an arm of the state." [Record Document 27 at 1]. Second, "with the dismissal of Louisiana State University Health Sciences Center-Shreveport, the amount in controversy as to the remaining defendants is zero because Louisiana law prohibits the entry of a money judgment against them." Id.

Federal courts are courts of limited jurisdiction and that jurisdiction must be guarded jealously. In determining this Court's jurisdiction, this Court is not limited to the contents of the Complaint. In Plaintiff's Opposition to this Second Motion to Dismiss, the Plaintiff failed to address the status of LSUHSC-S as either a citizen or an arm of the state and the amount in controversy if LSUHSC-S is dismissed. Rather, Plaintiff's Opposition to Second Motion to Dismiss discussed transfer to Louisiana state court in the event the Court determines that it lacks diversity jurisdiction. [Record Document 29 at 4]. The Plaintiff failed to carry its burden of proof for this 12(b)(1) Motion to Dismiss. Therefore, Defendant's Motion to Dismiss alleging lack of diversity jurisdiction must be **GRANTED**.

### D. Transfer of Action to State Court.

Plaintiff requests that the matter be transferred to a proper Louisiana state court. Plaintiff cites 28 U.S.C.A. § 1631 as authority for the Court to transfer the case to state court. This statute provides

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall

> proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C.A. § 1631. Title 28, Section 610 of the United States Code Annotated defines "courts" for purposes of this statute. These "courts" include "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C.A. § 610. Thus, 28 U.S.C.A. § 1631 addresses transfer between two federal courts; it does not grant the Court authority to transfer an action from a federal district court to a state court. Creative Picture Framing, Inc. V. United Fire Group, No. 07-4422, 2009 WL 799754, at *3 (E.D. La. March 20, 2009), citing McLaughlin v. Arco Polymers, Inc., 721 F.2d 426 (3d Cir. 1983). Therefore, Plaintiff's request for transfer of the matter to state court is **DENIED**.

### III. CONCLUSION.

Based on the foregoing, the Court finds that the Rule 12(b)(1) Motion to Dismiss is **GRANTED**. Plaintiff's request for transfer of the matter to state court is **DENIED**.

An order consistent with the terms of the instant Memorandum Order shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of September, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE